UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL INGRAM EL, <br><br> Defendant. | No. 2:19-cv-0560 KJM DB PS <br><br><br> ORDER TO SHOW CAUSE |

On April 1, 2019, defendant Michael Ingram El filed a notice of removal of this action from the Sacramento County Superior Court. (ECF No. 1.) Defendant is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

1

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

| | |
|---|---|
| 1 | States."  28 U.S.C. § 1332.  "To demonstrate citizenship for diversity purposes a party must (a) be |
| 2 | a citizen of the United States, and (b) be domiciled in a state of the United States."  <u>Lew v. Moss</u>, |
| 3 | 797 F.2d 747, 749 (9th Cir. 1986).  "Diversity jurisdiction requires complete diversity between |
| 4 | the parties-each defendant must be a citizen of a different state from each plaintiff."  <u>In re</u> |
| 5 | <u>Digimarc Corp. Derivative Litigation</u>, 549 F.3d 1223, 1234 (9th Cir. 2008). |

Here, it appears that defendant is attempting to remove a "Summons/Ticket" related to a Sacramento County Superior Court misdemeanor case.  (ECF No. 1 at 3.)  Such an action would not present a federal question.  Nor is there diversity between the parties.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order defendant shall show cause in writing as to why this action should not be summarily remanded to the Sacramento County Superior Court due to a lack of subject matter jurisdiction.

DATED:  September 26, 2019                 /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE