UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL INGRAM EL,<br><br>Defendant. | No. 2:19-cv-0560 KJM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

On April 1, 2019, defendant Michael Ingram El filed a notice of removal of this action from the Sacramento County Superior Court. (ECF No. 1.) Defendant is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

On September 27, 2019, the undersigned issued to defendant an order to show cause as to why this action should not be remanded to the Sacramento County Superior court due to a lack of subject matter jurisdiction. (ECF No. 4.) Defendant was provided fourteen days to file a response. The time for filing a response has passed and defendant has failed to respond to the order to show cause.

As explained to defendant in the September 27, 2019 order, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal

1

courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087.

Here, plaintiff is the State of California and defendant is a citizen of California. And plaintiff is attempting to remove a state law misdemeanor action that does not involve a federal question. (ECF No. 1 at 15-16.) In this regard, there appears to be no basis for either federal question or diversity jurisdiction.

Moreover, the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). "Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies.'" Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018) (quoting ReadyLink, 754 F.3d at 759)).

Here, it appears that there are ongoing proceedings that are criminal in nature, implicate an important state interest, and which allows plaintiff to raise a federal challenge. Moreover, this federal action would have the practical effect of enjoining the state proceedings. Accordingly, it

appears that Younger abstention is appropriate.  See Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011) ("absent extraordinary circumstances, a federal court may not interfere with a pending state criminal prosecution").

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be summarily remanded to the Sacramento County Superior Court.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, defendant may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Defendant is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 17, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\state0560.remand.f&rs